IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMAL COOPER, | ) |
|     Movant, | ) |
| v. | ) Case No. 3:19-cv-01007 |
| UNITED STATES OF AMERICA, | ) Judge Trauger |
| | ) Magistrate Judge Newbern |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

**I. Background**

On March 1, 2023, the court denied Jamal Cooper's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and dismissed this case. (Doc. No. 40.) This disposition was based on the court's acceptance of Magistrate Judge Newbern's Report and Recommendation (R&R) (Doc. No. 39, entered Feb. 13, 2023), to which Cooper's attorneys filed no objection.

On April 11, 2023, the court received a letter from Cooper dated April 5 and sent from his address at the Federal Correctional Institution in Manchester, Kentucky, in which Cooper reported that he had only recently, as of "approximately March 30, 2023, . . . discovered through the Samaritan Project that a Report and Recommendation was issued on February 13, 2023" and subsequently accepted by the court. (Doc. No. 41 at 1.) The letter goes on to recount that Cooper's attorneys, Philip E. Pitzer and G. Kline Preston, IV, did not notify him or provide him with copies of the R&R or the court's decision, nor were his recent efforts (beginning in November 2022) to contact Attorney Pitzer successful. (*Id.*) Because he had filed a pro se request to ascertain the status of the case in late December 2022 (Doc. No. 37) and was advised that the matter at that time awaited review by Judge Newbern (Doc. No. 40), Cooper believed that his lawyers would notify

him at the proper time of any court decisions and responses (or opportunities to respond) thereto by counsel. (Doc. No. 41 at 1.) He did not receive any such notice, and therefore asked for an opportunity to respond to or seek reconsideration of the court's decision. (*Id.*)

After receiving this letter, the court directed the Clerk to mail Cooper a copy of Judge Newbern's R&R and the court's dismissal order. (Doc. No. 42.) Cooper then filed two motions on April 21, 2023: a Motion to Recall Mandate/Order Denying Relief Pursuant to 28 U.S.C. § 2255 (Doc. No. 43) and a Motion for Certificate of Appealability regarding the denial of § 2255 relief (Doc. No. 44). The government has not responded to these motions.

On September 13, 2023, Cooper filed a letter request for the court to "remove attorney Philip Pitzer/The Kline Group as my attorney o[f] record due to lack of communication, ineffective assistance of counsel for failing to file a notice of appeal or certificate of appealability, and failing to respond to the Magistrate's recommendation." (Doc. No. 45.) On September 18, the court noted the seriousness of Cooper's allegations against his retained counsel and ordered that both Attorney Pitzer (lead counsel) and Attorney Preston (local counsel) respond by affidavit. (Doc. No. 46.) Those affidavits were filed on September 29, 2023. (Doc. Nos. 47, 48.)

In his affidavit, Attorney Pitzer testified that he "was retained to file a Motion to Vacate, Set Aside or Correct Sentence and any responses thereto until the Motion was ruled on." (Doc. No. 47 at 1.) After appearing in the case in June of 2021 (*see* Doc. Nos. 26–30), counsel made a single substantive filing on Cooper's behalf: the August 23, 2021 Reply to the government's Answer.[1] (Doc. No. 36.) Attorney Pitzer last communicated with Cooper in August 2022, while the case awaited the Magistrate Judge's R&R, but he thereafter spoke with Cooper's brother "on several occasions" about the possibility of filing a writ of mandamus for an additional fee—an

---

[1] In his affidavit, Attorney Pitzer states that the reply brief was filed in June 2022 (*see* Doc. No. 47 at 1), but that date is not accurate. There were no filings made in this case in 2022.

2

option they did not ultimately agree to pursue. (Doc. No. 47 at 1–2.) Pitzer then testified that Cooper, while waiting for a decision in his case, "ceased communicating with our office and began directly communicating with the Court and proceeding in a pro se capacity, contrary to [Pitzer's] advice."[2] (*Id.* at 2.) Pitzer testified that his office sent Cooper a copy of "the decision" in the mail "on the day the decision was received," but that Cooper did not engage his office to appeal—or even indicate a desire to appeal—the court's "ruling."[3] (*Id.*)

Attorney Preston states in his declaration that "Mr. Pitzer was at all times the attorney who communicated with Mr. Cooper," but that he (Preston) had "spoken with Mr. Cooper regarding his recent *pro se* filing and . . . agreed to represent him in attempting to remedy the matter if possible." (Doc. No. 48 at 2.) Preston "accept[ed] responsibility for any failings in the representation of Mr. Cooper," requested that Cooper be granted relief, and reiterated that he had "agreed with [Cooper] to represent him going forward to assist him" in winning such relief. (*Id.*)

## II. Analysis

The court construes Cooper's "Motion to Recall" the court's March 1, 2023 dismissal order as a motion for relief from that order under Federal Rule of Civil Procedure 60. Rule 60 is addressed to "Relief From a Judgment or Order" and provides, in pertinent part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1)    mistake, inadvertence, surprise, or excusable neglect;

---

[2] This reference to Cooper's direct communication with the court appears to refer to his one-line request for a status update in January 2023 (Doc. No. 37), as no other pro se communications are revealed on the record between the June 2021 entry of counsel's appearance and the March 2023 dismissal order.

[3] It is not perfectly clear from the affidavit whether the "decision" and "ruling" described therein are references to Judge Newbern's R&R or the court's dismissal order, but the court presumes the latter.

3

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1)—as was Cooper's motion, filed less than two months after entry of the dismissal order. Because none of the first five enumerated grounds for Rule 60(b) relief apply here, Cooper's motion must present grounds for relief under the catchall provision of Rule 60(b)(6), which applies in "unusual and extreme situations where principles of equity mandate relief." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)).

Cooper asserts that counsel failed to respond to the R&R on his behalf or even communicate to him that the R&R had issued, despite having been "retained to do so." (Doc. No. 43 at 1–2.) He further asserts, correctly, that the failure to object to the recommended denial of his § 2255 motion effected a waiver of his right to appeal the court's dismissal order, *see Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985), barring "exceptional circumstances" that justify disregarding the waiver rule. *Robinson v. Miller*, No. 16-4752, 2017 WL 6759308, at *2 (6th Cir. July 13, 2017). While Attorney Pitzer's affidavit explains that the scope of his agreement to represent Cooper included only the filing of pleadings and responses to government motions "until the [§ 2255] Motion was ruled upon" (Doc. No. 47 at 1), and further

4

Case 3:19-cv-01007   Document 49   Filed 10/12/23   Page 4 of 7 PageID #: 313

that, because additional filings for additional fees were discussed but not agreed upon, his only obligation after replying to the government's Answer was to furnish Cooper with a copy of the court's final decision (*id.* at 2). That explanation rings hollow. Even if counsel discerned no nonfrivolous grounds for objecting to the recommended denial of the § 2255 motion and thus made a "reasonable decision to acquiesce in the [R&R]," *Taylor v. Wainwright*, No. 17-3269, 2017 WL 4182068, at *3 (6th Cir. Sept. 8, 2017), that decision should have been communicated to Cooper so that he could have moved with all dispatch to discharge counsel and proceed pro se if he wanted to preserve his appellate rights. Importantly, although it appears that Cooper never received the copy of the dismissal order mailed by Pitzer, he nonetheless moved with diligence to seek relief in a letter to the court (Doc. No. 41) upon learning of the dismissal. *Cf. Taylor*, *supra* (affirming denial of Rule 60(b)(6) relief where counsel notified petitioner of habeas petition's denial before dismissal order entered, and district court subsequently allowed petitioner time to move to discharge counsel and for post-judgment relief, but petitioner waited more than two months before filing such motions). In these circumstances, the court finds it proper to grant Cooper the relief he seeks.

The court takes guidance from the decision in *Grigsby v. Bottom*, No. 3:17-CV-463-CHB-CHL, 2019 WL 13273173 (W.D. Ky. Nov. 21, 2019), where the district court granted post-judgment relief to a pro se prisoner whose counseled habeas case was dismissed after no objections were filed to the Magistrate Judge's Report and Recommendation. That decision includes the following analysis and conclusion:

> [O]nce he learned that his case was dismissed, Grigsby filed a Motion to Re-Open the case so that he could file objections, indicating that his counsel did not inform him about the Report and Recommendation at all. Grigsby's counsel concedes that she failed to notify him of the Report and Recommendation. By failing to inform her client of the Report and Recommendation and electing not to file any objections herself, counsel not only prevented Grigsby from challenging any potential

5

inaccuracies in the Report and Recommendation but also waived his right to appeal. *See Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). Grigsby has since discharged his counsel and filed a bar complaint against her.

To avoid manifest injustice, the Court finds that Petitioner's Motion to Alter or Amend Judgment should be granted, but only insofar as to afford Petitioner the opportunity to file objections to the Report and Recommendation. *See Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x. 319, 330–31 (6th Cir. 2014). Objections are not, however, the place to raise new arguments or issues that were not presented to the Magistrate Judge. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

*Id.* at *1–2.

The analysis in *Grigsby* is equally applicable in the case before this court. The court finds that manifest injustice would result from the failure to reopen these proceedings to allow objections to the R&R, such that "principles of equity mandate relief" under Rule 60(b)(6). *McGuire*, 738 F.3d at 750.

### III. Conclusion

Accordingly, Cooper's Motion to Recall the dismissal order (Doc. No. 43), construed as a motion under Rule 60(b)(6), is **GRANTED**. The court's order entered March 1, 2023 (Doc. No. 40) is **VACATED**, and this case is reopened for the limited purpose of allowing Cooper to file objections to the Magistrate Judge's R&R (Doc. No. 39). The Clerk is **DIRECTED** to reinstate this case to the court's active docket.

In light of this reopening, Cooper's Motion for Certificate of Appealability (Doc. No. 44) is **DENIED** as moot.

Cooper's letter request to remove his attorneys of record (Doc. No. 45), construed as a motion to discharge counsel, is **GRANTED IN PART** and **DENIED IN PART**, as follows. The motion is **GRANTED** as it relates to Attorney Pitzer, who is discharged as Cooper's counsel; the Clerk **SHALL** terminate Pitzer's designation as "Attorney to be Noticed" on the electronic case

docket. The motion is **DENIED** as it relates to Attorney Preston, who will continue as Cooper's counsel of record pursuant to Preston's more recent testimony to the representation agreement between them.

Within **14 DAYS** after being served with this order, counsel for Mr. Cooper **MUST** file and serve any written objections to the R&R that he wishes the court to consider, or further appeal will be waived. Respondent will then have 14 days after service of any objections to respond to those objections. Fed. R. Civ. P. 72(b)(2).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge