IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMAL COOPER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-01007 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# MEMORANDUM

Before the court is movant Jamal Cooper's Objection to Report and Recommendation (Doc. No. 50), objecting to the Magistrate Judge's conclusions in the Report and Recommendation ("R&R") (Doc. No. 39) that Cooper's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1) should be denied. The United States of America has filed a Response to the Objection. (Doc. No. 52.) For the reasons set forth herein, the court will overrule the Objection, accept the R&R, and deny Cooper's motion.

## I. LEGAL STANDARDS

### A. Review of Objections to a Report and Recommendation

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))).

**B.  Motions under 28 U.S.C. § 2255**

Section 2255 provides a statutory mechanism for challenging the imposition of a federal conviction or sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To obtain relief under § 2255, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are outside the scope of § 2255 relief, except under rare circumstances. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). In § 2255 proceedings, it is the movant's burden to show his entitlement to relief. *Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018).

Generally, claims that a movant failed to raise at trial or on direct review are procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a § 2255 motion unless he can establish cause and prejudice to excuse his failure or establish actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

      C.      **Ineffective Assistance of Counsel**

As noted below, all of the claims raised in Cooper's motion have been construed as claims that his trial or appellate counsel provided ineffective assistance of counsel. To establish entitlement to relief on a § 2255 motion based on the ineffective assistance of counsel, a movant must show that (1) his defense counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* test requires a showing "that counsel's representation fell below an objective standard of reasonableness" and "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 688. This standard is highly deferential, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also id.* ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955))). Under the second prong, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defines "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.*

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To prove ineffective assistance of counsel where, as here, the movant pleaded guilty rather than going to trial, "a defendant must show the outcome of the plea

process would have been different with competent advice." *Id.* at 163. Thus, when a movant claims that ineffective assistance "led to the improvident acceptance of a guilty plea," the movant must show "that there is a reasonable probability that, but for counsel's errors, [the movant] would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

A court need not address both prongs of the *Strickland* inquiry if the movant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697; *see also id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")

## II. PROCEDURAL BACKGROUND

Cooper is presently serving a 396-month sentence in federal custody after pleading guilty in 2019 to three counts of conspiracy to engage in drug trafficking (Counts 1, 2, and 3 of the Second Superseding Indictment in *United States v. Cooper*, No. 3:14-cr-00090 (M.D. Tenn. Jan. 27, 2017), Crim. Doc. No. 882);[1] one count of conspiracy to possess and discharge a firearm in furtherance of drug trafficking (Count 8); one count of possessing and using a firearm during and in relation to drug trafficking (Count 10); and one count of possessing a firearm after a felony conviction (Count 12). (*See* Plea Agreement, Crim. Doc. No. 1360; Order Accepting Plea Petition, Crim. Doc. No. 1359; Judgment, Crim. Doc. No. 1504.) As part of the Plea Agreement, the United States agreed to dismiss Counts 4, 5, 6, 7, and 9. (Crim. Doc. No. 1360.)

The Plea Agreement contains a detailed recitation of the facts that, as part of the Agreement, Cooper admitted were true and were sufficient to establish his guilt beyond a reasonable doubt on the charges to which he pleaded guilty. (*Id.* at 6–14, ¶¶ 8(a)–(r).) The Plea

---

[1] The court will cite to documents filed in the underlying criminal proceedings as "Crim. Doc. No. \_\_" and to documents filed in this post-conviction proceeding as "Doc. No. \_\_."

Agreement also incorporated a waiver of Cooper's appellate rights, with specifically identified exceptions, as follows:

> Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty and (ii) trial rights that might have been available if he exercised his right to go to trial, except defendant reserves the right to appeal the Orders issued at Docket Entry 524, 1181, 1309, and the District Court's Oral Order of December 30, 2016, denying defendant's handwritten *Franks* motion which was received by the Court on December 30, 2016 reflected at docket entry 1334. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence of 396 months imprisonment as agreed to in this plea agreement. Defendant also knowingly waives the right to challenge that agreed sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence of 396 months imprisonment as set forth in this plea agreement.

(*Id.* at 23, ¶ 17.)

The court held a plea hearing on January 3, 2017, during which a government witness read the agreed facts establishing guilt into the record. (Transcript, Crim. Doc. No. 1718.) The court read each charge of the Second Superseding Indictment and queried Cooper about his understanding of the Plea Agreement and the charges to which he was pleading guilty. (*Id.* at 11–12.) Following the hearing, the court accepted the Plea Agreement. (Crim. Doc. No. 1359.) On April 19, 2017, the court sentenced Cooper to a prison term of 396 months, in accordance with the Plea Agreement, and entered Judgment. (Crim. Doc. No. 1504.)

As anticipated by the Plea Agreement, Cooper appealed the court's Orders denying several Motions to Suppress evidence derived from wiretaps (Crim. Doc. Nos. 524, 1181, 1309), and the court's order issued in open court at a hearing on December 30, 2016, denying Cooper's handwritten, *pro se Franks* motion (*see* Crim. Doc. Nos. 1353, 1363, 1487 (sealed transcript);

Notice of Appeal, Crim. Doc. No. 1510). The Sixth Circuit affirmed. *United States v. Cooper*, 893 F.3d 840 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019).

Cooper filed his timely § 2255 motion in this court on November 1, 2019. (Doc. No. 1.) The court determined that it stated cognizable claims for relief based on the ineffective assistance of trial counsel and directed the United States to respond to the motion. (Doc. No. 3.) The United States filed its Response (Doc. No. 9), arguing, among other things, that the waiver of appellate rights in the Plea Agreement is valid, that many of Cooper's claims fall within the scope of the waiver, and that many of the other claims are not cognizable under § 2255. It also argued, with respect to any claims of ineffective assistance of counsel, that Cooper failed to show either that counsel's performance was constitutionally deficient or that he was prejudiced by any deficient performance. Cooper thereafter filed *pro se* motions for discovery, appointment of counsel, and an evidentiary hearing, which the court denied. (Doc. Nos. 12, 14, 18.)

Cooper thereafter retained counsel, who filed a Reply brief on his behalf. (Doc. No. 36.) Although the Reply states that Cooper "does not concede" any of his claims, it also repeatedly states that the claims should all be construed as claims of ineffective assistance of counsel. (*Id.* at 1, 5, 6.)

The Magistrate Judge thereafter entered the R&R recommending that relief be denied. When no timely objections to the R&R were filed, the court entered an Order accepting the R&R, denying Cooper's motion, and dismissing the case. Upon Cooper's subsequent showing that his counsel of record had not notified him of the Magistrate Judge's ruling or provided a copy of it to him, the court vacated that Order and granted an extension of time for the filing of objections to the R&R. (Doc. Nos. 42, 46, 49.) Cooper's original lead attorney was dismissed from the case, but his local counsel agreed to remain on the case for the purpose of lodging objections to the R&R.

## III. DISCUSSION

Cooper's *pro se* motion sets forth twenty-six grounds for relief, each of which the Magistrate Judge examined closely and ultimately rejected as without merit.[2] Cooper objects to the Magistrate Judge's denial of relief as to Claims 2–11 and 16–17, but he raises no objections to the R&R's proposed resolution of Claims 1, 12–15, and 18–26. The court, therefore, accepts in their entirety, without discussion, the findings and conclusions set forth in the R&R with respect to those claims. *Accord Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The court considers *de novo* Cooper's objections to the recommended disposition of the remaining claims, as set forth below.

### A. Claims 2 and 3

In his second and third claims, Cooper asserts that the court and Cooper's trial counsel "denied [his] right to counsel" by "disregarding the December 27, 2016 letter he wrote to the judge," which both requested the appointment of new counsel and sought to raise a *Franks* issue that his counsel had failed to raise on his behalf, and that counsel's failure to fully investigate and present the *Franks* issue to the court prevented Cooper from entering a "knowing and voluntary guilty plea." (Doc. No. 1, at 21. 23.) The R&R construed these as ineffective assistance of counsel claims and found that Cooper fails to establish that he was prejudiced by any purported failure on the part of his counsel to raise the *Franks* issue, because the court considered this issue at length in a hearing conducted on December 30, 2016 ("December 2016 hearing"), questioned Cooper

---

[2] This court, like the Magistrate Judge, construes all of the movant's claims as raising non-waived claims based on the ineffective assistance of counsel.

about the allegations in his letter *ex parte*, after excusing counsel for the United States, and found that none of the arguments Cooper had wanted his counsel to raise had merit.

Cooper's objections in connection with this claim appear to be premised upon the Magistrate Judge's conclusion that Cooper, during the December 2016 hearing, had waived his claim that John Bailey, his attorney during plea proceedings, was ineffective for failing to withdraw as Cooper's counsel. Cooper argues that he is not an attorney and has no legal training and that his withdrawal of his request for the appointment of a new lawyer "does not cure the fact that he was denied effective assistance of counsel in this case." (Doc. No. 50, at 9.) Cooper asserts that, once Bailey was "confronted with [Cooper's] allegations, essentially amounting to Mr. Bailey's incompetent handling of [his] suppression motion, Mr. Bailey was duty-bound to file an *ex parte* Motion to Withdraw as counsel," and "the Court should have made an inquiry into the extent of the conflict, Mr. Bailey's unpreparedness, inability to communicate, and various unsatisfactory conduct Petitioner had with Mr. Bailey." (*Id.* at 9–10.)

This objection is without merit, because it is premised upon the presumption that counsel was ineffective and that Cooper was prejudiced by this deficient performance. But, as set forth in the R&R and affirmed here, Cooper simply has not established either *Strickland* prong with respect to any of his claims. Moreover, the transcript of the December 2016 hearing belies his allegations. (*See generally* Transcript, Crim. Doc. No. 1487.) At that hearing, the court questioned Cooper and his attorney, outside the presence of counsel for the government, about all of the matters Cooper believed his counsel should have raised but did not in his Motion to Suppress, including the *Franks* issue, and found them to be without merit. (*See id.* at 3–15.) The court took a recess to consider the *Franks* issue further and ultimately concluded that Cooper would not have been entitled to a *Franks* hearing even if his attorney had properly raised the issue. (*Id.* at 25–26; *see also id.* at 29

("I don't think there's anything Mr. Bailey could have put in his motion to justify a *Franks* hearing.").) In other words, even if counsel had raised more specifically the issues Cooper wanted him to raise, he still would not have been entitled to a *Franks* hearing, and the Motions to Suppress would still have been denied. Cooper has not established ineffective assistance of counsel or resulting prejudice in connection with the Motions to Suppress or the *Franks* issue. Consequently, even if Bailey had filed an *ex parte* motion to withdraw, the court is unlikely to have granted it under the circumstances presented and for the reasons discussed during the December 2016 hearing.

Cooper is not entitled to relief in connection with Claims 2 or 3.

**B.     Claims 4, 8, 10, and 11**

Claims 4, 8, 10, and 11 all assert that Bailey and Cooper's first attorney, Michael Flanagan, were ineffective for failing to move to suppress evidence on the ground that the United States' collection of cell-site location information ("CSLI") without a warrant violated Cooper's rights under the Fourth Amendment and that his appellate counsel was ineffective for failing to raise this issue on appeal. In support of these claims, Cooper relies on *Carpenter v. United States*, 585 U.S. 296 (2018), which reversed a decision of the Sixth Circuit and held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI" and that "the Government must generally obtain a warrant supported by probable cause before acquiring such records." *Carpenter*, 585 U.S. at 310, 316.

The R&R, grouping these claims together, acknowledges that the Supreme Court issued *Carpenter* on the same day that the Sixth Circuit affirmed Cooper's conviction but also notes that, until that day, the law in the Sixth Circuit was that a warrant was not required to collect CSLI. *See United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), *rev'd*, 138 S. Ct. 2206 (2018). The Magistrate Judge concluded that Cooper could not establish that the conduct of any of his attorneys

was constitutionally deficient, insofar as it was not unreasonable for them to fail "to perceive or anticipate a change in the law." (Doc. No. 39, at 21 (quoting *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001), and citing *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010)).

In addition, the R&R noted that the undersigned, in denying Cooper's request for discovery in connection with his § 2255 motion, determined that the Sixth Circuit has held that "warrantless CSLI searches conducted before the 2018 Supreme Court decision in *Carpenter* would not require suppression if officers acted in good faith reliance on existing law 'when they obtained the data.'" (*See* Doc. No. 18, at 6–7 (quoting *United States v. Pritchard*, 964 F.3d 513, 528–29 (6th Cir. 2020)).) Here, however, Cooper presents no argument or facts suggesting that the officers who obtained the CSLI were not acting in good faith reliance on existing law or, again, that counsel's representation on this issue was deficient.

Cooper objects to these findings, arguing that his claim is not that his attorneys simply "fail[ed] to predict the development of the law." (Doc. No. 50, at 11.) Rather, he insists that his attorneys were ineffective because he "advised counsel of *United States v. Cooper* [sic; the court presumes that the movant means *Carpenter*] and expressed that he felt that he had issues related to that case." (*Id.*) Consequently, "competent counsel would have and should have raised these issues after a thorough investigation into the pending case before the Supreme Court." (*Id.*) At a minimum, they would have preserved the issue for appeal. And if they had preserved the issue, then counsel could have raised an argument that the officers who used the CSLI in his case did not act in good faith. He asserts that the prejudice arising from their failure to do so is "obvious" and that there is "more than a reasonable probability that with a victory on the suppression . . . plea negotiations would have been much different as well." (*Id.* at 12.)

These arguments remain unpersuasive. First, as the Magistrate Judge noted, the Sixth Circuit has repeatedly held that attorneys are not constitutionally ineffective simply for failing to anticipate changes in the law. *See, e.g.*, *Thompson*, 598 F.3d at 288 (collecting cases).[3] Second, it bears noting that, after the Supreme Court remanded the issue in *Carpenter* back to the Sixth Circuit, the appellate court affirmed the district court's denial of the motion to suppress on the grounds that it was objectively reasonable in that case for the FBI agents who had obtained the defendant's CSLI to believe that a warrant was not required. As the court explained:

> "Though evidence obtained in violation of the Fourth Amendment is generally excluded, the Supreme Court has held that the exclusionary rule 'should be modified so as not to bar the admission of evidence seized in reasonable, good faith reliance on a search warrant that is subsequently held to be defective.'"

*United States v. Carpenter*, 926 F.3d 313, 317 (6th Cir. 2019) (quoting *United States v. Leon*, 468 U.S. 897, 905 (1984), and *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005)). Contrary to Cooper's arguments, there is simply no basis from which he could have argued that the officers in this case were objectively unreasonable in believing that they did not need a warrant to obtain CSLI. *Accord United States v. Pritchard*, 964 F.3d 513, 529 (6th Cir. 2020) (affirming denial of a motion to suppress evidence obtained through a warrantless CSLI collection, because "a reasonable officer, when the government seized [the defendant's] CSLI in 2015, could have relied on the [Stored Communications Act] in good faith to obtain that data without a warrant").

---

[3] The Sixth Circuit recognized in *Thompson* that "counsel's failure to raise an issue whose resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel." *Thompson*, 598 F.3d at 288 (6th Cir. 2010) (quoting *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999)). That situation arises "only in a rare case," however. *Id.* And there is no suggestion that it is present here. Indeed, the dissent in *Carpenter* characterizes the majority's decision as a "stark departure from relevant Fourth Amendment precedents and principles" as well as "unnecessary and incorrect." *Carpenter*, 585 U.S. at 321 (Kennedy, J., dissenting). There is no suggestion that the Supreme Court's holding in *Carpenter* had been "clearly foreshadowed by existing decisions." *Thompson*, 598 F.3d at 288.

Third, the evidence that Cooper sought to suppress was obtained through the execution of search warrants for wiretaps on two mobile phones (referred to in the record as TT1 and TT2), one of which was his. As this court already determined in denying Cooper's motion for discovery related to his § 2255 motion, even assuming there were some basis for excluding the CSLI data, there is no basis in the record for concluding that the data obtained from the wiretaps was the "fruit of the poisonous tree" that would also have been subject to exclusion. (*See* Doc. No. 18, at 7–8 (citing, among other cases, *Wong Sun v. United States*, 371 U.S. 471, 491 (1963)).) As the court (and the Magistrate Judge) previously explained:

> [T]o obtain wiretap authorization from the court, the government was required to demonstrate that its use of location data was *un*fruitful. *See* 18 U.S.C. § 2518(3)(c) (requiring wiretap application to demonstrate that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed"). Law enforcement primarily built their case against the movant using multiple confidential sources, two of whom conducted recorded telephone calls with the movant before carrying out controlled purchases of heroin from him, on December 12, 2013 and March 11, 2014. . . . Such intervening audio, visual, and physical evidence of criminal activity would seem sufficient to disconnect the subsequent wiretap application and interceptions from any initial, unlawful tracking of the movant's location in real time.

(*Id.* at 9 (internal record citations omitted).)

In sum, Cooper cannot show that his attorneys were constitutionally ineffective for failing to object to the warrantless collection of his CSLI or that, even if they arguably should have preserved the issue, he was prejudiced by that failure.

### C. Claims 5 through 11

Claims 5 through 11 also argue that Cooper's trial and appellate attorneys were ineffective for failing to move to suppress the wiretap evidence on the grounds that (1) the United States' "pinging" of cell phones to determine their real-time locations was unlawful; and (2) the United States' use of GPS tracking devices on certain vehicles was unlawful because the judge who issued the warrants authorizing the GPS tracking—Davidson County General Sessions Court Judge

Casey Moreland—was not impartial. (Doc. No. 1, at 24, 28–36; *see also* Doc. No. 18, at 3–4 ("The movant . . . ultimately contends that his unlawfully obtained location data tainted all subsequent warrant applications in which it was used, including the TT2 wiretap application, and that his counsel was ineffective in failing to move to suppress the wiretap evidence on this basis.").)

This court found, in denying the motion for discovery, that Judge Casey Moreland's subsequent legal issues have no bearing on this case. The "ping" data and GPS issues, which are closely related to the CSLI issue, were also addressed in the court's Order denying Cooper's motion for discovery, where the court stated: "[E]ven if the GPS warrants were informed by unlawfully obtained, real-time location data or were otherwise defective, [Cooper] has not shown reason to believe that the wiretap evidence would have been subject to suppression as fruit of the poisonous tree." (Doc. No. 18, at 7.) Relying on this court's rationale for denying the discovery motion, the Magistrate Judge found that Cooper had not shown a "reasonable probability that, but for [his trial attorneys'] failure to move to suppress the wiretap evidence on these grounds, the result of the suppression hearing would have been different and he would not have pleaded guilty." (Doc. No. 39, at 23.)

In his objections, Cooper continues to argue that, if his attorneys had filed the appropriate motions, then they "could have and would have argued that law enforcement procured and executed [warrants] unreasonably and in bad faith and therefore would have been subject to suppression as fruit of the poisonous tree." (Doc. No. 50, at 15.) He contends that an "in-depth suppression motion is different than a motion seeking discovery." (*Id.*) He does not, however, address the Magistrate Judge's (and this court's) finding that the evidence obtained from the wiretaps was so attenuated from the GPS data that, even if a motion to suppress based on this argument had been filed, it would have been denied as without merit. Cooper simply has not shown

that he was prejudiced by his attorneys' purported failure to raise this issue when they moved to suppress the wiretap data.

**D.     Claims 16 and 17**

Claims 16 and 17 assert that Cooper did not knowingly plead guilty to the drug trafficking conspiracy charges under 21 U.S.C. §§ 841 and 846 in Counts 1, 2, and 3 of the Second Superseding Indictment, because his attorney gave him incorrect and misleading advice regarding what the government had to prove in order for him to be found guilty on those charges. Specifically, he contends that his attorney failed to explain to him that "co-conspirator liability attaches" in drug-trafficking cases "only if a defendant knew or reasonably could have foreseen the type and quantity of the substance that the co-conspirator transported." (Doc. No. 1, at 57 (citing *United States v. Jackson*, 335 F.3d 170, 181 (2d Cir. 2003)).) He claims that he would not have pleaded guilty if his attorney had properly advised him that "the government must prove intent or reasonable foreseeability." (*Id.* at 58.)

The Magistrate Judge rejects this claim on the basis that the Sixth Circuit has never held that the government must prove intent and reasonable foreseeability in drug-conspiracy cases under §§ 841 and 846. Instead, "[t]he Government . . . was only required to prove that [defendant] knew that 'some quantity' of marijuana was involved." (Doc. No. 39, at 29 (quoting *United States v. Dugalic*, 489 F. App'x 10, 19 (6th Cir. 2012); *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003)).)

Cooper's objection to his finding simply rehashes the arguments he made in his § 2255 motion that his guilty plea was based on erroneous advice. He has not shown, or even attempted to contest, the Magistrate Judge's legal conclusion that the government did not have to prove the defendant's knowledge of the specific amount of drugs involved in the conspiracy. (*See* Doc. No. 50, at 16 ("Mr. Bailey's advice caused Petitioner to reasonably assume the Government would not

be required to prove to the jury knowledge or reasonable foreseeability which, in turn, led to him unknowingly waiving his right to a jury trial.").)[4]

## IV. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, when the district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254).

In this case, reasonable jurists would not debate the denial of Cooper's § 2255 Motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the court will not issue a certificate of appealability.

---

[4] As the government points out, the Sixth Circuit had held, less than two months before Cooper pleaded guilty, that, "[b]ecause [the defendant] pleaded guilty to conspiring to distribute methamphetamine, and admitted that [the] conspiracy 'involved' 50 grams or more of methamphetamine, the drug conspiracy statute exposes him to the crime of distributing fifty grams or more of methamphetamine, together with its ten-year mandatory-minimum sentence." *United States v. Gibson*, No. 15-6122, 2016 WL 6839156, at *1 (6th Cir. Nov. 21, 2016), *reh'g en banc granted, opinion vacated*, 854 F.3d 367 (6th Cir. 2017), *and on reh'g en banc*, 874 F.3d 544 (6th Cir. 2017) (affirming district court's ruling). As the Sixth Circuit initially stated, "While Gibson did not further admit that he reasonably foresaw that the conspiracy would involve that drug quantity, he did not need to." *Id.* (citing *United States v. Robinson*, 547 F.3d 632, 638 (6th Cir. 2008); *United States v. Pruitt*, 156 F.3d 638 (6th Cir. 1998)). While the *en banc* Sixth Circuit later granted rehearing and vacated its initial decision, it ultimately affirmed the judgment of the district court by an evenly divided court, *United States v. Gibson*, 874 F.3d 544 (6th Cir. 2017). Thus, while the resolution of this issue remains murky, at the time Cooper was sentenced, the law was clear that the government did not have to prove reasonable foreseeability.

## V. CONCLUSION

The court finds, in sum, that Cooper has not established that an evidentiary hearing is required. Nor has he shown that the performance of his trial or appellate counsel was constitutionally deficient or that he was in any way prejudiced by his attorneys' purported errors. He is not entitled to relief on the basis of the claims asserted in his § 2255 motion. Accordingly, the court will accept in its entirety the R&R, deny Cooper's motion, and dismiss this case, without issuance of a certificate of appealability.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge